

# NUMBER 13-22-00400-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

HOMER JASSO,                                                              Appellant,

v.

ELESVIA "ELLIE" TORRES, AND THE
ELLIE TORRES CAMPAIGN,                                                    Appellees.

### On appeal from the 464th District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Tijerina
### Memorandum Opinion by Justice Tijerina

This cause is before the Court on appellees Elesvia "Ellie" Torres, and the Ellie Torres Campaign's motion to dismiss the appeal on grounds that the order being appealed is interlocutory and did not dispose of all claims. Appellant Homer Jasso has also filed a motion to dismiss agreeing with appellee that we lack jurisdiction.

Appellant attempted to perfect an appeal from an order signed on August 3, 2022, granting appellee's Rule 91a motion to dismiss and motion to dismiss pursuant to the Texas Citizen Participation Act (TCPA). In its order, the trial court stated that although appellee's motions to dismiss are granted, appellee's "claims for fees and costs under the above motions are being held until the conclusion of this case."

Generally, appeals may be taken only from final judgments. *In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Where, as here, a judgment is rendered without a conventional trial on the merits, the judgment "is not final unless (1) it actually disposes of every pending claim and party or (2) it clearly and unequivocally states that it finally disposes of all claims and parties." *Jones*, 629 S.W.3d at 924; *Lehmann*, 39 S.W.3d at 200, 205.

Here, the trial court's order states that appellees' claims for fees and costs are still pending, and it does not "clearly and unequivocally" state "that it finally disposes of all claims and parties." Thus, it is not final for purposes of appeal. *Jones*, 629 S.W.3d at 924; *see also Carroll v. Metro Off. Equip., Inc.*, No. 02-22-00087-CV, 2022 WL 1682156, at *2 (Tex. App.—Fort Worth May 26, 2022, no pet.) (mem. op.) (holding that Rule 91a dismissal order was not final because order awarded fees and costs "in the amount of _____" with no amount specified); *Cyphers v. Children's All. of S. Tex.*, No. 04-21-00225-CV, 2021 WL 3516688, at *1 (Tex. App.—San Antonio Aug. 11, 2021, no pet.) (per curiam) (mem. op.) (concluding that trial court's grant of motion to dismiss pursuant to the TCPA was interlocutory because it "expressly state[d] it ha[d] not yet determined the court costs and reasonable attorney's fees and expenses that it must award to the

2

defendants").

Accordingly, upon review of the documents before the Court, it appears that the order from which this appeal was taken is not a final, appealable order. The order being appealed is neither a final judgment nor an interlocutory appeal authorized by statute. *See Lehmann*, 39 S.W.3d at 195. The Court, having considered the record, appellees' motion to dismiss, and appellant's motion to dismiss, is of the opinion that the appeal should be dismissed for want of jurisdiction. *See id.* We grant the motions to dismiss and dismiss this appeal. *See* TEX. R. APP. P. 43.2(f). Having dismissed the appeal at the parties' request, no motion for rehearing will be entertained.

JAIME TIJERINA
Justice

Delivered and filed on the
10th day of November, 2022.